# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAYDEEN C. DELA CRUZ,<br><br>Petitioner,<br><br>vs.<br><br>DIRECTOR, DEPARTMENT OF REVENUE AND TAXATION,<br><br>Respondent. | CIVIL CASE NO. 16-00027<br><br>**DECISION AND ORDER** |

Before the court are the following motions: (1) Petitioner's Application to Proceed without Prepaying Fees or Costs ("Application") (ECF No. 3); and (2) Respondent's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) (ECF No. 5). Based upon her Application, it appears that Petitioner is qualified to proceed *in forma pauperis*, without paying the necessary fees, since she has stated in her Application that she has no income.[1] However, for the reasons stated herein, Respondent's Motion to Dismiss is **GRANTED,**[2] and the case is hereby **DISMISSED.**

---

[1] Although Petitioner stated in her Application that she has "0" income, she also stated that she has received income from various sources. *See* Application, ECF No. 3, at 1.

[2] Included in Respondent's Motion to Dismiss is a request for litigation costs award. This request is hereby **DENIED**.

1

## I. Factual and Procedural Background

On April 8, 2016, Petitioner Jaydeen C. Dela Cruz ("Dela Cruz") filed a Petition in a Tax Case. *See* ECF No. 1. Therein, Dela Cruz alleges the following against Respondent Department of Revenue and Taxation ("DRT"): (1) Notice of Deficiency; (2) Notice of Determination Concerning Collection Action; (3) Notice of Determination Concerning Worker Classification; and (4) Notice of Determination Concerning Request for Relief from Joint and Several Liability. *Id.* at 1. Dela Cruz further alleges that the "deficiencies (or liabilities) as determined by DRT are in income taxes for the calendar year(s) 1998-2000, in the amount of $300,000 of which $1,500,000,000.00, is in dispute." *Id.* at 2. Dela Cruz also alleges years 2003-2004, in the amount of $275,000, of which 1,500,000,000.00, is in dispute; and years 2001-2008, in the amount of $580,000 of which $2.5 million, is in dispute. *Id.* at 2.

On May 23, 2016, DRT filed a Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1). *See* ECF No. 5. Therein, DRT moves the court to dismiss the petition for lack of subject matter jurisdiction. DRT also moves the court for reasonable litigation costs. Dela Cruz has not filed a response to DRT's motion to dismiss.[3]

## II. Discussion

### a. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A jurisdictional challenge under Rule 12(b)(1) may be facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke

---

[3] Pursuant to Civil Local Rule 7(f), Dela Cruz had 21 days to file an opposition to DRT's motion. The deadline for such filing has since expired.

2

federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2016).

If the motion is a facial attack, the court must accept all facts pled in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Wolfe*, 392 F.3d at 362. When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint "without converting the motion to dismiss into a motion for summary judgment." *See Safe Air for Everyone*, 373 F.3d at 1039 (citations omitted). "[T]he party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In this case, DRT asserts that this court lacks subject matter jurisdiction because as a Tax Court, "[a] valid notice of deficiency and a timely petition are essential to the Tax Court's deficiency jurisdiction," citing *Pietanza v. Commissioner*, 92 T.C. 729, 735 (1989), and in this case, neither one exists. *See* ECF No. 6, at 4. DRT asserts that it had never issued a notice of deficiency or any notices of determinations to Dela Cruz. *Id.* at 5.

Because this is a factual attack, the court can consider the declaration of DRT's Tax Enforcement Programs Administrator Herbert S. Fukada. *See Safe Air for Everyone*, 373 F.3d at 1039. The declaration states that Dela Cruz "was never selected for audit by the Guam Department of Revenue and Taxation. As such, she does not have any outstanding tax liabilities owed to the Department and the Department has not instituted any collection procedures against the Petitioner." *See* Decl., ECF No. 7, at 2, ¶ 4. Further, DRT "has never issued to Ms. Dela Cruz a notice of deficiency, a notice of determination concerning collection action, a notice of determination concerning worker classification, or a notice of determination concerning Petitioner's request for relief from joint and several liability." *Id.* at ¶ 5.

Dela Cruz has failed to respond to the instant motion and has failed to furnish affidavits

3

or other evidence to show that a notice of deficiency or any notices of determinations were issued to her. In her Petition, Dela Cruz indicated that she enclosed a "copy of the Determination or Notice DRT issued to" her. *See* ECF No. 1, at 3. However, there was no copy enclosed or filed with her Petition or under the instant case, Civil Case No. 16-00027. The law is well established that for this court to have jurisdiction, "there must be a valid notice of deficiency[.]"*Pietanza*, 92 T.C. at 735. None was issued here.[4] Accordingly, the court hereby **GRANTS** Respondent's motion to dismiss.[5]

### b. Litigation Costs Award

DRT argues that it should be awarded litigation costs pursuant to 26 U.S.C. §7430(a), including attorney's fees. *See* ECF No. 6, at 6. DRT notes that the "Organic Act of Guam provides that the income tax laws in force in the United States of America and those which may thereafter be enacted shall be held to be likewise in force on Guam. Under section 1421i(e) of the Organic Act, the Government of Guam is given the authority and provisions for mirroring the Internal Revenue Code, substituting 'Guam' for the 'United States' . . ." *Id.* at 6 n.1.

Section 7430(a) of Title 26 of the United States Code provides that "[i]n any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. §7430(a).

---

[4] Any amendments to the Complaint would be futile given that there is no notice of deficiency or any notices of determinations issued by DRT against Dela Cruz. *See Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015); *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

[5] The court need not address the other arguments raised by Respondent.

4

"Prevailing party" is defined as "any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved) . . . ." 26 U.S.C. §7430(c)(4). As such, the United States is not considered a prevailing party and therefore is not entitled to any administrative or litigation costs pursuant to 26 U.S.C. 7430(a). The same analysis applies if this court were to substitute the term "Guam" for "United States." Guam would not be considered a prevailing party pursuant to 26 U.S.C. §7430(c)(4).

Accordingly, DRT's request for litigation costs, including attorney's fees is hereby **DENIED**.

### III. Conclusion

Based on the foregoing, the court hereby **GRANTS** Respondent DRT's motion to dismiss, and **DENIES** Respondent DRT's request for litigation costs.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Mar 29, 2017**